**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANTONIO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ERICK K. SHIMSEKI, Secretary<br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | CIV. NO. 10-1304 (PG) |

### OPINION AND ORDER

Before the Court was defendant's motion to dismiss (Docket No. 43) and plaintiff's opposition thereto (Docket No. 47). For the reasons set forth below, the Court **GRANTED** the defendant's request on January 10, 2012, see Docket No. 49.

### I. BACKGROUND

On April 12, 2010, plaintiff Dr. Antonio Martinez ("Martinez" or "Plaintiff"), filed the above-captioned claim against the Department of Veterans Affairs ("Defendant" or "the Department") seeking redress for alleged discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. §§ 2000e *et seq*.[1]

Plaintiff is a gynecologist who began working for the Veterans Administration ("VA" or "the agency") Caribbean Health System in San Juan, Puerto Rico in 1997 on a part-time basis. Plaintiff simultaneously maintained a private practice office. Effective October 13, 2007, the Defendant terminated the Plaintiff's employment because he had incurred in a "conflict of interest" when he self-referred a VA patient to his private practice office and treated this patient. On November 15, 2007, Plaintiff filed a sex discrimination claim against Defendant before the Equal Employment Office ("EEO") of the VA, Case No. 2001-0672 2008-100338. On January 14th, 2010, the EEO of the VA issued the Right to Sue letter, which the Plaintiff received on January 16, 2010.

---

[1] In his complaint, Plaintiff also included claims pursuant to the Due Process and Equal Protection Clauses, which the Court dismissed. See Docket No. 39.

CIV. NO. 10-1304 (PG)                                                      Page 2

After meeting with the parties, the court scheduled the jury trial to begin on December 5, 2011. See Docket No. 24. On the eve of trial, the Defendant informed the Court that insofar as Plaintiff had failed to exhaust his administrative remedies with regards to his sex discrimination claim, the case was improperly before the Court. Considering the timing of the Defendant's defense, the Court postponed the jury trial to January 11, 2012 and ordered the Defendant to brief the Court on the issue by December 12th, 2012. See Docket No. 39. The Defendant, after seeking an extension of time, filed a motion in compliance with this Court's order on December 15, 2011 (Docket No. 43) seeking the dismissal of Plaintiff's sex discrimination claim for failure to exhaust administrative remedies. The Plaintiff filed his response on January 3, 2012. See Docket No. 47. After careful review of the parties' filings and the applicable caselaw, on January 10, 2012, the Court issued a line order granting the Defendant's request for dismissal and vacating the jury trial. See Docket No. 49. As follows, the Court shall set forth the reasoning behind the Court's decision.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d

CIV. NO. 10-1304 (PG)                                                    Page 3

45, 48 (1st Cir.2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. April 1, 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at

CIV. NO. 10-1304 (PG)                                                    Page 4

556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

### III. DISCUSSION

In its motion, the Department set forth that, on October 26, 2007, Martinez filed an appeal before the Merit System Protection Board ("MSPB" or "the Board") wherein he alleged that his termination was the result of discrimination based on his military status in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* See Dockets No. 43-1, 47-2. Shortly thereafter, on November 15, 2007, the Plaintiff also filed a complaint of employment discrimination based on sex before the EEOC. See Dockets No. 43-2, 47-3. The Department now contends that pursuant to 29 C.F.R. 1614.302(b), Plaintiff had to include his sex discrimination claim in his appeal before the MSPB, as opposed to bifurcating his two different discrimination claims. See Docket No. 43. According to Defendant, Plaintiff's omission now renders this Court without jurisdiction to entertain his sex discrimination claim. Despite the Plaintiff's vehement opposition, this Court agrees with the Defendant.

"Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." Ricci v. DeStefano, 129 S.Ct. 2658, 2672 (2009). Pursuant to Title VII, a plaintiff is required to exhaust his/her administrative remedies before suing in federal court, including by filing a complaint with the EEOC. See Uphoff Figueroa v. Alejandro, 597 F.3d 423, 431 (1st Cir.2010) (quoting Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d 433, 440 (1st Cir.2007); Jorge v. Rumsfeld, 404 F.3d 556, 564-65 (1st Cir.2005)). Nevertheless, "when a federal employee claims he or she has been affected by both an "adverse employment action" and a related Title VII violation, administrative remedies may be exhausted for Title VII purposes by asserting both claims before the MSPB." Sloan v. West, 140 F.3d 1255, 1259 (9th Cir.1998).

The Merit System Protection Board has statutory jurisdiction to hear appeals from adverse personnel actions that amount to a removal, a suspension for more than 14 days, a reduction in grade or pay, or a furlough of 30 days or less. See 5 U.S.C. §§ 7512, 7701(a); 5 C.F.R. § 1201.3. "A federal employee aggrieved by a personnel action that is reviewable by the MSPB has two paths of redress if he attributes the employing agency's decision, at least in part,

CIV. NO. 10-1304 (PG)                                                    Page 5

to discriminatory animus." McCarthy v. Vilsack, No. 08-3076, 2009 WL 929888, at *1 (7th Cir. April 07, 2009). According to 5 U.S.C. § 7702, an employee affected by an action that the employee may appeal to the MSPB who also alleges that a basis for the action was discrimination can bring his case before the Board and it will render a decision on both the personnel action and the discrimination claim. See Greenhouse v. Geren, 574 F.Supp.2d 57, 65 (D.D.C.2008) (citing 5 U.S.C. § 7702). This type of action is called a "*mixed case appeal*."[2] In essence, "[a] "mixed case appeal" is a case determined by the Board to be within its jurisdiction; namely, a case which presents an appealable non-discrimination claim coupled with a discrimination claim." Sloan, 140 F.3d at 1259 (citing 29 C.F.R. § 1614.302(a)(2)). Alternatively, a federal employee may file with the Equal Employment Office of his or her agency a "*mixed case complaint*," which is "a complaint of employment discrimination filed with a federal agency EEO based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [Board]." 29 C.F.R. § 1614.302(a)(1).

Now, "an aggrieved person may initially file a mixed case complaint with an agency … or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, **but not both**." 29 C.F.R. § 1614.302(b) (emphasis ours). "An aggrieved employee (or, as in this case, an aggrieved former employee) has a choice between these two options - but [he] may not avail herself of both." Stoll v. Principi, 449 F.3d 263, 265 (1st Cir.2006) (citing 29 C.F.R. § 1614.302(b); Castro v. United States, 775 F.2d 399, 404 & n. 5 (1st Cir.1985)). "[W]hichever is filed first shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b). "From that point forward, the complainant must exhaust [his] claim in the chosen forum." Principi, 449 F.3d at 265 (citing Economou v. Caldera, 286 F.3d 144, 149 (2d Cir.2002) (holding that a federal employee who had first filed a formal appeal with the Board was required to exhaust his administrative remedies in that forum and could not move at will to the other track)).

In the case at hand, it stems from the filings now before the Court that on October 26, 2007, the Plaintiff first filed an appeal with the MSPB

---

[2] According to 29 C.F.R. § 1614.302(a)(2), a "mixed case appeal" is "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information."

CIV. NO. 10-1304 (PG)                                                   Page 6

alleging he was denied a promotion and eventually terminated because of his military status. See Docket No. 47-2. However, prior to exhausting his remedies in the Board, on November 15, 2007, Martinez filed a mixed case complaint before the EEO of the VA claiming he was terminated because of his sex (male). See Docket No. 47-3. As argued by the Defendant, the "election of remedies doctrine is dispositive here." Principi, 449 F.3d at 266. Much like in Principi, the Plaintiff here initially filed an appeal with the Board thereby making an election of remedies. "Thus, when [he] subsequently attempted to switch horses in mid-stream and filed a formal EEO complaint with the agency … - during the pendency of [his] appeal before the Board - that filing was a nullity." Id.

> To say more would be to paint the lily. With two remedial paths open to [him], the [plaintiff] chose to test the legitimacy of [his] termination by filing a formal appeal with the Board. The proceedings before the Board were in full flower when [he] reversed direction and submitted a formal EEO complaint. Having elected to travel one path (before the Board), [he] forfeited her right simultaneously to explore the alternative path (before the Commission).

Id.

Moreover, in Martinez's case, he failed to follow the proper practices and procedures regarding the content of an MSPB appeal, which state, in relevant part, that an appeal before the Board must contain "a statement of the reasons why the appellant believes the agency action is wrong … ," 5 C.F.R. § 1201.24(a), including allegations of prohibited discrimination, see 5 C.F.R. § 1201.151-1201.153. In fact, if after filing an appeal, a claimant wishes to submit an additional claim or defense, the appellant may do so "at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown." 5 C.F.R. § 1201.24(b).

If Plaintiff believed, as he obviously did, that his termination was based, in whole or in part, on sex discrimination, he was under the obligation to include said claim in his initial appeal before the MSPB,[3] or at the very least, request that this claim be subsequently amended to add this particular claim. However, the Plaintiff here neither included his sex discrimination

---

[3] Pursuant to 5 C.F.R. § 1201.153, an appeal raising issues of prohibited discrimination must "state that there was discrimination in connection with the matter appealed, and it must state specifically how the agency discriminated against the appellant…."

CIV. NO. 10-1304 (PG)                                                   Page 7

claim in his original appeal or amended the proceedings before the MSPB to include these allegations. Therefore, the Court finds that Defendant's contention that the Plaintiff failed to exhaust administrative remedies with regards to his sex discrimination claim is correct.

In his defense, the Plaintiff contends that the Defendant itself failed its statutory duty pursuant to 29 C.F.R. § 1614.302(b) to properly notify the Plaintiff of his rights and/or the proper procedure to follow,[4] and thus, the Defendant cannot now argue that Plaintiff waived his sex discrimination claim. In addition, Martinez also argues that the agency failed to properly dismiss his mixed case complaint in accordance with 29 C.F.R. § 1614.302(c).[5] In light of Defendant's own failures, Martinez requests that the time limitations on his sex discrimination claim be subjected to equitable tolling. See Docket No. 47.

In support of this argument, the Plaintiff cites to Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41 (1st Cir.2005). In Mercado, the First Circuit Court of Appeals stated that "time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly." Id. at 46 (citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir.1999)). The following five factors are generally considered when determining whether to allow equitable tolling in a particular case:

---

[4] The cited regulation states, in pertinent part, that:
> An agency shall inform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the MSPB. The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

29 C.F.R. § 1614.302(b).

[5] Pursuant to 29 C.F.R. § 1614.302(c), where neither the agency nor the MSPB administrative judge questions the MSPB's jurisdiction over the appeal on the same matter, an agency decision to dismiss a mixed case complaint on the basis of the complainant's prior election of the MSPB procedures shall be made as follows:

> [the agency] shall dismiss the mixed case complaint pursuant to § 1614.107(d) and shall advise the complainant that he or she must bring the allegations of discrimination contained in the rejected complaint to the attention of the MSPB, pursuant to 5 CFR 1201.155. The dismissal of such a complaint shall advise the complainant of the right to petition the EEOC to review the MSPB's final decision on the discrimination issue.

29 C.F.R. § 1614.302(c).

CIV. NO. 10-1304 (PG)                                                        Page 8

> (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement. … These factors are not exhaustive, however; it is in the nature of equity to entertain case-specific factors that may counsel in favor of tolling.

Mercado, 410 F.3d at 48 (citing Kelley v. N.L.R.B., 79 F.3d 1238, 1248 (1st Cir.1996)).

With regards to the first two factors, the Court stated that it has recognized "that an employer's violation of the EEOC posting requirement may provide a … basis for an extended filing period where the employee had no other *actual or constructive knowledge* of the complaint procedures." Mercado, 410 F.3d at 46 (internal citations and quotation marks omitted) (emphasis ours). Therefore, applying equitable tolling to a particular set of circumstances will depend on whether or not - despite a plaintiff's assertions - he/she had either actual or constructive knowledge of his/her Title VII rights within the meaning of our caselaw. See id. at 48.

> Actual knowledge does not mean specific awareness of the 300-day statutory filing period; rather, actual knowledge occurs when an employee becomes generally aware that he possesses a legal right to be free from the type of discrimination he has alleged. … Constructive knowledge, meanwhile, would be presumed if the employer had complied with its statutory obligation to post the EEOC notices in conspicuous locations, and it also is presumed **when an employee has retained an attorney** - in both instances, regardless of whether the plaintiff in fact is aware of his rights.

Id. at 48-49 (internal citations omitted) (emphasis ours).

In the case at hand, it stems from the exhibits filed by Martinez in his response that he retained an attorney to represent him during the administrative proceedings. See Docket No. 47-2. Therefore, pursuant to Mercado, Martinez can be presumed to have had constructive knowledge of his rights and his claim cannot be subject to equitable tolling. See Kale v. Combined Ins. Co. of America, 861 F.2d 746, 753 (1st Cir.1988) ("If the court finds that the plaintiff knew, actually or constructively, of his ADEA rights, ordinarily there could be no equitable tolling based on excusable ignorance.").

Finally, the Plaintiff argues there was only a mixed case complaint before the agency's EEO and never a mixed case appeal before the Board insofar as he never included his sex discrimination claim in the appeal. See Docket

CIV. NO. 10-1304 (PG)                                                    Page 9

No. 47. Martinez now claims that it is now "too late for Defendant to claim before this Court that Plaintiff should have filed a mixed case appeal." See Docket No. 47 at page 12. The Court disagrees. First of all, the applicable statutes provide that a claimant can only pursue his administrative claims in one of the two fora, namely, the MSPB or the agency's EEO. See 29 C.F.R. § 1614.302; 5 C.F.R. § 1201.151-1201.153. "In this case, when [he] was terminated, Plaintiff choose to pursue [his] administrative grievances through an appeal to the MSPB, and in so doing [he] could not later file a separate EEO action." Fissel v. Napolitano, No. 09-0005, 2009 WL 3624719 at *6 (M.D.Pa. October 29, 2009).

> [I]f Plaintiff believed that [his] termination was motivated by discrimination, once [he] chose to file a case with the MSPB, [he] was required to have raised [his] claims in that administrative forum and fully exhausted [his] remedies there before coming to court. [He] did not do so, and cannot now come into court with a Title VII claim based on [his] EEO complaint. To say more would be to paint the lily. With two paths from which to choose, Plaintiff chose to file [his] case with the MSPB. [He] did not pursue [his] discrimination claims in that forum, and cannot resuscitate them through an EEO filing or a Title VII action in this court.

Id. Moreover, as previously stated, the filing before the EEOC was a nullity pursuant to the applicable caselaw, and thus, there was no such mixed case complaint as argued by the Plaintiff. Consequently, this argument also fails as a matter of law.

In conclusion, despite the particular circumstances in this case being an issue of first impression in this circuit, the Court is persuaded by the Defendant's argument that the Plaintiff failed to properly exhaust his administrative remedies with regards to his sex discrimination claim. As a result, because the MSPB did not consider the claim of discriminatory removal based on sex on the merits, this Court lacks subject-matter jurisdiction to hear this claim and it is thus **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, Defendant's motion (Docket No. 43) is hereby **GRANTED** and Plaintiff's sex discrimination claim pursuant to Title VII is hereby **DISMISSED WITH PREJUDICE**. Final judgment shall be issued accordingly.

CIV. NO. 10-1304 (PG) Page 10

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 2, 2012.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE
